[ECF No. 23]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Misc. No. 24-mc-66 (EAP)** |
| **INSPECTION WARRANT,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

On March 14, 2025, the Court denied Curaleaf NJ Inc. also d/b/a Curaleaf NJ II, Inc.'s ("Curaleaf") motion to quash an administrative inspection warrant from the Occupational Health and Safety Authority ("OSHA").  ECF Nos. 21, 22.  This matter now comes before the Court on Curaleaf's motion, ECF No. 23, to stay the execution of the warrant pending an appeal and for further clarification of the Court's March 14, 2025 Memorandum and Order.  The United States of America ("United States"), acting on behalf of OSHA, opposes the stay and contends that the requested clarification is unnecessary.  ECF No. 26.  Curaleaf has filed a reply brief in support of its motion to stay, ECF No. 27, and a separate reply brief in support of its motion to clarify, ECF No. 28.  Having considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 9, 2024, OSHA sought an administrative warrant from this Court to "enter, inspect, and investigate" Curaleaf for compliance with mandatory occupational safety and health

---

[1]   A more fulsome recitation of the factual background of this case is set forth in the Court's March 14, 2025 Memorandum Opinion, ECF No. 21.

standards.  ECF No. 1, *Ex Parte* Application for Inspection Warrant ("Warrant Application").  On August 9, 2024, the Court issued the inspection warrant (the "warrant"), ECF No. 2, authorizing OSHA compliance officers to enter Curaleaf's workplace to conduct an inspection "without delay."  *Id.* at 1.

On August 12, 2024, Curaleaf filed a motion to quash OSHA's warrant for lack of probable cause, ECF No. 3, which the United States opposed, ECF No. 9.  Following supplemental briefing and oral argument, ECF Nos. 10, 14, 17, 20, the Court issued a Memorandum and Order, dated March 14, 2025, denying the motion to quash.  ECF Nos. 21, 22.  Recognizing that OSHA's warrant had expired during the pendency of the proceedings, the Court directed the United States to submit a new warrant for review and approval within ten days.  *Id.*

On March 14, 2025, immediately following the denial of the motion to quash, Curaleaf filed a motion to stay execution of the warrant and for clarification of the Court's ruling.  ECF No. 23 ("Curaleaf Mot.").  The United States filed a response in opposition, ECF No. 26 ("U.S. Opp."), and Curaleaf filed one reply brief in support of its motion to stay, ECF No. 27 ("Curaleaf Stay Reply"), and one reply brief in support of its motion for clarification, ECF No. 28 ("Curaleaf Clarification Reply").  The Motion is now ripe for disposition.

## DISCUSSION

Curaleaf's Motion raises two related issues for resolution.  First, Curaleaf argues that the Court must stay execution of the warrant pending review of Curaleaf's imminent appeal of the March 14, 2025 Order.  Curaleaf Mot. at 1-2.  Second, it contends that the Court lacked jurisdiction under 28 U.S.C. § 636, to issue the March 14, 2025 Order, and that the Memorandum Opinion should be restyled as a "Report and Recommendation.  *Id.* at 2-7.  The Court addresses each issue individually.

2

A.    **Request for a Stay**

Curaleaf's pending motion first seeks a stay of the Court's directives set forth in the March 14, 2025 Memorandum Opinion and Order.  Curaleaf has indicated its intent to appeal the Court's ruling and requests that the execution of the OSHA inspection warrant be stayed pending an appellate ruling.  Curaleaf Mot. at 1-2.  Curaleaf claims a legal entitlement to pre-execution judicial review of the warrant, including an appeal, to avoid infringement of its Fourth Amendment rights. *Id.*  Moreover, it asserts that the Court should grant a stay under its discretionary authority. Curaleaf Stay Reply at 7.

1.    Right to Pre-Execution Judicial Review

Turning first to Curaleaf's claim of entitlement to a pre-execution judicial review, Curaleaf posits that a failure to issue a stay will moot Curaleaf's appeal causing it to suffer "irreparable damage in the form of a violation of its Fourth Amendment and other rights without remedy." Curaleaf Mot. at 2.  The United States responds that "Curaleaf is not entitled to pre-execution review of an administrative inspection warrant beyond the magistrate judge's consideration of administrative probable cause and may challenge the validity of the administrative warrant in [a] subsequent civil proceeding."  U.S. Opp. at 6.

While the jurisprudence on this issue is sparse, several courts have offered guidance regarding the appropriate procedures for challenging an administrative warrant.  In *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128 (3d Cir. 1979), after the Babcock & Wilcox Company ("Babcock") denied OSHA access to investigate complaints of unsafe conditions, OSHA officials secured administrative inspection warrants.  *Id.* at 1131-32.  OSHA inspected Babcock's plants, and each inspection led to the issuance of citations for violations of the OSH Act.  *Id.* at 1132. Babcock contested the violations through OSHA's administrative review process and

contemporaneously filed in federal court a motion to quash the inspection warrants and a complaint for declaratory and injunctive relief. *Id.* The district court denied as moot the motion to quash and dismissed the complaint for failure to exhaust administrative remedies. *Id.* On appeal, the Court of Appeals for the Third Circuit held that a denial of a motion to quash an inspection warrant is not appealable. *Id.* at 1133. It explained that "'[s]uch an order generally lacks finality because it leaves to the subpoenaed party the decision whether or not to comply with the subpoena; and if that party does not comply it leaves to the other party the decision whether or not it is worthwhile to seek a citation for contempt in order to compel disclosure.'" *Id.* (quoting *In re Grand Jury Subpoena for N.Y. State Income Tax Recs.*, 607 F.2d 566, 569 (2d Cir. 1979)). The Court recognized that the question is "not [w]hether the issues may be heard by an Article III court, but [w]hen." *Id.* (footnote omitted). The Court further found that once an inspection warrant has been executed, an employer must exhaust its administrative remedies regarding exclusion of evidence, after which it may seek judicial review. *Id.* at 1139.

The Seventh Circuit considered similar issues in *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810 (7th Cir. 1991). There, OSHA sought to inspect the premises of Kohler Company ("Kohler"). *Id.* at 811. Following resistance from Kohler, OSHA obtained an administrative warrant from a federal magistrate judge. *Id.* Kohler continued to refuse access to OSHA inspectors and filed a motion to quash. *Id.* The district court denied the motion and ordered Kohler to submit to the inspection. *Id.* Kohler then appealed and requested that the district court stay its order pending appeal. *Id.* While the district court was considering the stay application, Kohler permitted OSHA to begin its inspection; halted it when the court granted the stay; and then allowed the inspection to continue when the Seventh Circuit lifted the stay. *Id.* Kohler nonetheless continued its appeal from the district court's order denying its motion to quash the warrant. *Id.*

4

The Seventh Circuit found that it lacked jurisdiction to consider Kohler's challenge to the inspection warrant because the inspection had been completed. *Id.* at 812. The Court made no affirmative finding that Kohler was entitled to pre-execution judicial review of its motion to quash; rather, it held that Kohler's remedy was to raise its Fourth Amendment objections through OSHA's administrative review procedure, after which it could appeal to federal court. *Id.* Ultimately the Seventh Circuit dismissed Kohler's appeal, premising its holding "on the ability of employers to challenge OSHA inspection warrants before an [A]rticle III court, either during the enforcement proceedings brought by OSHA under the OSH Act or during the proceedings associated with obtaining the inspection warrant from the district court."[2] *Id.* at 815; *see also Wedgewood Vill. Pharmacy, Inc. v. U.S.*, 421 F.3d 263, 268 (3d Cir. 2005) (holding as a general rule that the court cannot exercise appellate jurisdiction over decisions denying motions to quash); *Trinity Marine Prods., Inc. v. Chao*, 512 F.3d 198, 202-03 (5th Cir. 2007) (rejecting employer's Fourth and Fifth Amendment challenge and holding as a matter of first impression that the Constitution does not forbid forceful execution of administrative inspection warrant issued to OSHA; employer has no constitutional right to pre-execution contempt hearing).

In a factually analogous case, *In re Anthony Marano Company*, 556 F. Supp. 3d 890 (N.D. Ill. 2021), OSHA obtained an inspection warrant for Anthony Marano Company. *Id.* at 896-97. When OSHA attempted to execute the warrant, however, Anthony Marano denied the agents entry to the facility and filed a motion to quash. *Id.* Engaging in an extensive and thorough survey of the jurisprudence, the magistrate judge found that the Fourth Amendment did not entitle an

---

[2] Curaleaf highlights the *Kohler* court's holding that a "warrant is reviewable in the district court, and subsequently in the Court of Appeals, until OSHA completes its inspection." Curaleaf Stay Reply at 3 (citing *Kohler*, 935 F.2d at 814). That statement, however, does not stand for the proposition that an employer is entitled to a stay pending review on appeal. Indeed, the Seventh Circuit ultimately declined to review the warrant before the inspection and lifted the stay on the warrant's execution. *Kohler*, 935 F.2d at 814.

employer to judicial review of an OSHA administrative inspection warrant prior to the warrant's execution. *Id.* at 898-99. In turn, it found that Anthony Marano could not obtain a stay of the execution of the warrant pending the district court's resolution of a motion to quash. *Id.* at 907. Instead, the employer's remedy was limited to an administrative challenge to the admissibility of the evidence from the inspection based on alleged defects in the warrant's validity. *Id.* at 903.

Anthony Marano appealed to the district court, which treated the opinion as a report and recommendation, adopted it, and denied the motion to quash. *In re Anthony Marano Co.*, 51 F.4th 722, 728-29 (7th Cir. 2022). The district court then granted a stay on the execution of the warrant pending an appeal to the Seventh Circuit.[3] *Id.* On appeal, OSHA sought to lift the stay and allow the inspection and contempt proceedings to go forward. *Id.* at 729. The Seventh Circuit found that it lacked jurisdiction because there were "significant ongoing proceedings in the district court that afford the contesting party a full opportunity to set forth its objections to the warrant in an adversarial context." *Id.* at 734. Considering its decision in *Kohler*, the Seventh Circuit held that that case could not "be read as establishing a right to pre-enforcement judicial review of administrative warrants." *Id.* at 734 n.42. Rather, to secure a pre-execution challenge to an administrative warrant, an employer would have to refuse OSHA entry and convert the warrant proceeding into contempt proceedings. *Id.* (citing *In re Establishment Inspection of Skil Corp.*, 846 F.2d 1127, 1132 (7th Cir. 1988) (observing that the "'standard method' of 'allowing the target of an administrative warrant to forbid entry and thereby convert the warrant proceeding into a contempt proceeding'")).

---

[3]  Curaleaf argues that the district court's decision in *Anthony Marano* to stay execution of the warrant pending appeal of the motion to quash denial establishes that it likewise has a right to pre-execution judicial review and must be granted a stay. Curaleaf's argument is misplaced. While the district court had the discretion to stay its order pending the appeal, *see In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015), that discretion does not equate to a mandate that the court must stay execution of a warrant pending appeal of the denial of a motion to quash.

Synthesizing these principles here, the Court finds that Curaleaf does not have a right to a stay pending judicial review of its proposed appeal. Curaleaf initially refused OSHA's inspection of its facility. Thereafter, OSHA obtained a valid inspection warrant based on a showing of probable cause, thus satisfying Fourth Amendment requirements. Curaleaf immediately moved to suppress the warrant, and OSHA refrained from execution to allow judicial review of Curaleaf's motion. Following extended briefing and oral argument, the Court denied the motion to quash and ordered Curaleaf to comply with a renewed warrant. Having already benefitted from the delayed execution during the pendency of the motion to quash, Curaleaf cannot now use appellate review as a shield to further avoid compliance with the warrant. Rather, Curaleaf faces the decision of whether to comply with the warrant and then administratively challenge any inculpatory evidence obtained therefrom, or to refuse compliance and face potential contempt sanctions that may be judicially reviewed via a contempt proceeding. In either case, and contrary to its argument, *see* Curaleaf Stay Reply at 4, Curaleaf will not lose its right to seek judicial review.

Contesting the premises for this conclusion, Curaleaf offers several arguments, none of which the Court finds compelling.

First, Curaleaf cites a series of cases for the alleged proposition that execution of an OSHA administrative warrant must be stayed pending appeal of the denial of a motion to quash. Curaleaf Mot. at 1-2; Curaleaf Stay Reply at 2-4. None of the cited cases, however, stand for that proposition; rather, they simply recognize that "[d]irect review by the federal courts of the validity of an OSHA inspection warrant may . . . be obtained so long as the employer prevents the inspection from occurring either by obtaining a stay or by refusing entry and being adjudicated in civil contempt." *In re Establish Inspection of Metal Bank of Am., Inc.*, 700 F.2d 910, 915 n.5 (3d Cir. 1983) (citations omitted). Once a warrant is executed, the employer's sole remedy is to move

to suppress evidence before the OSHA Review Commission, the decision of which can be subsequently appealed to the courts.  *See, e.g., In re Establishment Inspection of Kelly-Springfield Tire Co.*, 13 F.3d 1160, 1165-69 (7th Cir. 1994) (considering appeal as to validity of an inspection warrant after motion to quash was denied and inspection had already commenced; affirming that the warrant was supported by probable cause and that the contempt sanction was proper); *Metal Bank of Am., Inc.*, 700 F.2d at 913-14 (finding that where district court denied a motion to quash and the warrant was executed, "the employer may not raise its challenges to an OSHA inspection in the first instance in federal court but instead must exhaust its remedies before the Review Commission"); *In re Crider Poultry, Inc.*, No. MC610-001, 2010 WL 1524571, at *1, 3 & n.2 (S.D. Ga. Mar 30, 2010) (staying an OSHA warrant's execution pending litigation of a motion to quash before the district court but recognizing that when an administrative inspection occurs, "an inspectee must exhaust its administrative remedies before raising . . . a constitutional search claim in federal court").  None of these cases mandate that a stay be issued throughout an employer's appeal process.

Second, Curaleaf contends that the United States has waived its argument that there is no right to pre-execution review of an administrative inspection warrant.  Curaleaf Stay Reply at 2.  Specifically, Curaleaf contends that the United States never raised this argument in response to Curaleaf's motion to quash and first addressed it in response to Curaleaf's motion for a stay.  *Id.*  According to Curaleaf, such a failure to timely raise this argument results in waiver and precludes its consideration here.  *Id.*

This argument rests on tenuous grounds.  At the time of the motion to quash, OSHA had not yet executed the search warrant.  While OSHA was not legally required to wait for litigation of the motion to begin its search, doing so was not unreasonable given Curaleaf's strenuous

resistance to compliance.  *See Fed. Casting Div., Chromalloy Am. Corp. v. Donovan*, 684 F.2d 504, 512 (7th Cir. 1982) ("Although OSHA was not under legal compulsion to wait beyond the lifting of the stay order on January 2, 1979, we do not believe that doing so was unreasonable.  In light of Federal Casting's strong and continued resistance to the inspection and clear intention to appeal to the Supreme Court, it was not unreasonable for OSHA to await final disposition of the controversy in the courts.").  At the time Curaleaf filed its motion to quash, the United States did not have any reason to raise an argument that Curaleaf was not entitled to pre-execution judicial review.  Only after denial of the motion to quash and the threat of an impending inspection did Curaleaf suggest that the Court must stay the execution of the impending warrant pending Curaleaf's appeal.  Curaleaf Mot. at 1.  At that juncture, and with OSHA ready to proceed with its inspection, the United States timely asserted that Curaleaf is not entitled to any further judicial review.  Accordingly, the Court rejects Curaleaf's waiver argument.

Third, Curaleaf asserts that OSHA's Site Specific Targeting Directive No. 23 ("SST-23")—on which OSHA premised its Warrant Application—expired during the pendency of this litigation.  Curaleaf Mot. at 1.  As such, it contends that "issuance and execution of a warrant premised on an expired SST is a flagrant violation of the rights afforded to Curaleaf pursuant to the Fourth Amendment to the United States Constitution, and *Barlow's* and its progeny" *Id.*

This argument is misplaced on two grounds.  Primarily, SST-23 specifies that "[u]pon the expiration or replacement of this Instruction, inspection cycles already underway must be completed."  ECF No. 3-2 (SST-23) at 9; *see* U.S. Opp. at 8.  Because the inspection cycle including Curaleaf was already underway at the time the warrant was issued, OSHA retains authority to complete it.[4]

_____

[4]  Curaleaf contends that the full text of SST-23 states that "[u]pon expiration or replacement of this Instruction, inspection cycles already underway must be completed *as*

Moreover, the expiration of SST-23 during the litigation does not divest the warrant of probable cause or result in a Fourth Amendment violation. The Seventh Circuit addressed a similar argument in *Federal Casting Division, Chromalloy Am. Corp. v. Donovan*, *supra*. There, Federal Casting claimed that OSHA inspection violated its Fourth Amendment rights because the general inspection program on which the inspection warrant was based had been abandoned by the time litigation over the warrant concluded and the warrant was executed. 684 F.2d at 509. The Seventh Circuit "reject[ed] the notion that administrative probable cause vanished . . . simply because, during the lengthy litigation required to enforce the warrant at issue, the [inspection program] was discontinued." *Id.* (footnote omitted). The court further recognized that a contrary holding "would encourage companies to defy warrants issued pursuant to general administrative plans in the hope that such plans would be abolished or abandoned in the course of protracted litigation. Such a

---

*described in paragraph XI.B.*" Curaleaf Stay Reply at 10 (emphasis in original). Paragraph XI.B then states that "[Area Offices] must have opened an inspection of all establishments in an existing cycle before inspecting any establishments in a newly generated cycle." *Id.* (quoting ECF No. 10, at Ex. 3 (SST-23)). According to Curaleaf, the OSHA Marlton Area Office could not have initiated any new inspection cycles after the June 2024 cycle in which Curaleaf was included because it had not yet opened the inspection of Curaleaf's facility. *Id.* at 10-11. Curaleaf then argues that since July 30, 2024, OSHA has initiated at least twelve inspections pursuant to the SST at issue. *Id.* at 11 (citing Certification of Anastasia Stylianou ("Stylianou Certif."), Ex. C). Curaleaf's point is that the inspection cycle in which it was included is closed because the SST does not permit OSHA "to return to previously opened cycles after moving to a new cycle." *Id.*

Curaleaf misreads the SST. OSHA Instruction CPL 02-00-025, paragraph B.1.b(1)(e)(1), lists criteria for permissible carryovers from one cycle to another cycle. In addition, at the expiration of this Instruction, the AO must first complete any cycle initiated, but not yet completed even if any inspections for the remaining establishment are opened after the inspection date. ECF No. 10, Ex 3 (SST-23), at § XI.F.1. OSHA Instruction CPL 02-00-25 then provides that "[a]n establishment may be carried over to another cycle if the inspection cannot be completed due to the employer's refusal to allow the inspection." *See* https://www.osha.gov/enforcement/directives/cpl-02-00-025 (last visited Apr. 28, 2025), *archived at* https://perma.cc/53QG-MN7G; *see also Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information made publicly available by government entities). Synthesizing these provisions, OSHA was required to complete its opened inspection of Curaleaf, as part of an existing cycle, despite the expiration of SST-23. And because Curaleaf has refused to allow the inspection, OSHA is permitted to carry it over to another cycle.

result is clearly contrary to the public interest and would conflict with OSHA's statutory mandate 'to assure so far as possible every working man and woman in the Nation safe and healthful working conditions.'" *Id.* (quoting 29 U.S.C. § 651(b)) (footnote omitted).

Here, the Court has twice found that the warrant is supported by probable cause—once during the initial issuance and once during denial of the motion to quash. Curaleaf's Fourth Amendment rights have been invoked and guarded. Curaleaf's extensive challenges and refusal to permit inspection delayed the execution of the warrant, which resulted in the expiration of SST-23. Although Curaleaf is entitled to pursue its remedies, it is not entitled to benefit from any collateral effects of delay.[5]

In short, Curaleaf's intention to file an appeal from the denial of the motion to quash does not entitle it to a stay of the execution of the inspection warrant. Curaleaf may choose to resist OSHA's efforts to execute the warrant and face the risk of contempt sanctions for violation of a Court order. Alternatively, Curaleaf may comply, allow the inspection to proceed, and then, if necessary, file administrative proceedings before OSHA's Review Commission to suppress any inculpatory findings on the basis that the warrant was invalid.

---

[5] Finally, Curaleaf makes an ill-defined argument that "this Court has already aptly recognized Curaleaf's right to appeal the ruling and issue[.]" Curaleaf Stay Reply at 7. Curaleaf contends that "[a]fter an in-person oral argument on March 10, 2025, this Court requested to speak with all counsel in the courtroom's jury room . . . . During that discussion, this Court expressly acknowledged Curaleaf's right to appeal this Court's ruling—and the proper avenue for that appeal (*i.e.*, through a district court judge or directly to the Third Circuit) was discussed." *Id.* Accordingly, Curaleaf asserts that "the Secretary's contrary arguments must be rejected." *Id.*

Curaleaf's argument is unfounded. Following an on-the-record oral argument regarding the motion to quash—at which time the Court had yet to issue a ruling on the motion—the Court held an informal meeting to attempt to settle the parties' issues without further litigation. While Curaleaf's counsel raised its intent to appeal if it lost the motion to quash, and the Court discussed hypothetically what those avenues of appeal may be. Notwithstanding, Curaleaf's efforts to characterize informal settlement discussions as authoritative Court rulings is inappropriate.

2.      Whether Curaleaf Has Met the Standard for a Discretionary Stay

While Curaleaf has not established its entitlement as a matter of law to a stay of the Court's

March 14, 2025 Memorandum Opinion and Order, the Court still retains the discretion to stay its

Order.  "'A stay is not a matter of right, even if irreparable injury might otherwise result.'"  *Nken*

*v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658,

672 (1926)).  "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is

dependent upon the circumstances of the particular case.'"  *Id.* (quoting *Virginia Ry. Co.*, 272 U.S.

at 672-73).  Ultimately, "[t]he party requesting a stay bears the burden of showing that the

circumstances justify an exercise of that discretion."  *Id.* at 433-34 (citations omitted).

The United States Supreme Court set forth four factors to guide a court's exercise of its

discretion to stay an injunctive order pending an appeal:  "'(1) whether the stay applicant has made

a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

parties interested in the proceeding; and (4) where the public interest lies.'"  *Id.* at 434 (quoting

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The "'most critical factors  . . . are the first two[,]'" and "the former is arguably the more

important piece of the stay analysis."  *In re Revel AC, Inc.*, 802 F.3d at 568 (quoting *Nken*, 556

U.S. at 434).  In the Third Circuit, "a sufficient degree of success for a strong showing exists if

there is 'a reasonable chance, or probability, of winning.'"  *Id.* at 568-69 (quoting *Singer Mgmt.*

*Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).  Under the second

factor, "the applicant must 'demonstrate that irreparable injury is *likely* [not merely possible] in

the absence of [a] [stay].'"  *Id.* at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S.

7, 22 (2008) (emphasis and alterations in original)).  In other words, the harm need not be occurring

or certain, but there must be more than a mere possibility that the harm will actually occur. *Id.*

"Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Nken*, 556 U.S. at 435. The likely harm to the movant if no stay is granted is weighed against the likely irreparable harm to the opponents if the stay is granted, effectively resulting in "the balancing of harms or balancing of equities." *In re Revel AC*, 802 F.3d at 569. The court must also consider the public interest, *i.e.*, "how a stay decision has 'consequences beyond the immediate parties.'" *Id.* (quotation omitted).[6]

Here, with respect to the first factor—likelihood of success on the merits—Curaleaf relies on the arguments raised in its motion to quash and contends that because the initial warrant is expired and any subsequent warrant would be based on an expired SST, probable cause would not exist. Curaleaf Stay Reply at 8. Neither of these arguments has merit. The Court has already rejected Curaleaf's arguments regarding the validity of the warrant. *See* ECF No. 21 (Mem. Op.). Curaleaf identifies no error in that ruling. Moreover, Curaleaf's reliance on the expiration of the warrant and SST-23 is misplaced. As discussed above, the Seventh Circuit, in *Federal Casting Division, Chromalloy American Corporation v. Donovan*, "reject[ed] the notion that administrative probable cause vanished . . . simply because, during the lengthy litigation required to enforce the warrant at issue, the [general inspection program] was discontinued," and it held that, "[t]he fact that the warrant was not executed pending litigation of its validity by [the company] did not affect the company's privacy interest, but simply postponed a judicially-approved inspection." 684 F.2d at 509-10 (footnotes omitted). The same holds true here. Having already

---

[6] In its opening brief, Curaleaf does not even acknowledge, let alone address, any of these factors. Following a discussion of the factors in the United States' opposition brief, Curaleaf provides a cursory argument in its reply brief that each of these factors supports a stay. Curaleaf Stay Reply at 7-9.

found that probable cause for the inspection existed at the time the original warrant was issued, the Court declines to find that such probable cause dissipated or that Curaleaf's Fourth Amendment privacy interest became more heightened merely because OSHA chose to litigate the motion to quash prior to executing the warrant.  Because Curaleaf has established no reasonable probability of winning on appeal, this factor weighs heavily against a stay.[7]

Under the second factor, Curaleaf posits that it "will be irreparably injured absent a stay because it will be stripped of its right to a pre-enforcement challenge to the Warrant at issue, deprived of its impending appeal, and forced to endure a violation of its Fourth Amendment rights."  Curaleaf Stay Reply at 8.  As set forth above, no right to a pre-enforcement challenge exists.  Rather, an employer may preserve review of an alleged illegal warrant "if the [employer] is willing to risk civil contempt and moves expeditiously to obtain full judicial review before the warrant is executed." *Babcock & Wilcox*, 610 F.2d at 1136.  Alternatively, in the event an alleged illegal OSHA search occurs, Curaleaf retains the ability to move to quash any inculpatory evidence obtained from the inspection before OSHA's Review Commission. *Id.*  Given these options, the Court finds that denial of the stay will not result in irreparable harm to Curaleaf; therefore, this factor weighs against a stay.

Finally, the Court finds that the last two factors weigh against a stay.  The very purpose of the Occupational Safety & Health Act of 1970, as amended, 29 U.S.C. §§ 651–678, is to protect

---

[7]   In a footnote, Curaleaf argues that "OSHA was entitled under the law to forcibly execute its warrant at any time when the warrant was valid.  The execution of said warrant was never stayed by this or any other Court.  OSHA and the Secretary made a deliberate, conscious decision not to execute its warrant during the time it was valid, and Curaleaf cannot be blamed for the Secretary's chosen litigation tactic."  Curaleaf Stay Reply at 9 n.2.  This argument contradicts Curaleaf's argument that it was legally entitled to pre-execution judicial review of its motion to quash.  If Curaleaf is correct about OSHA being responsible for the expiration of the warrant and SST because it opted not to exercise its legal entitlement to forcibly execute its warrant, then Curaleaf cannot be correct that it has a right to pre-execution review before OSHA conducts the inspection.

employees from hazardous working conditions.  29 U.S.C. § 651(b).  As such, the longer the

execution of the warrant is delayed, the longer any potential safety hazards at Curaleaf's site go

unchecked.  "It is in the public interest to allow [OSHA] to make such an investigation to protect

the health and safety of [Curaleaf] employees."  *In re Establishment Inspection of BP Oil, Inc.*,

509 F. Supp. 802, 810 (E.D. Pa. 1981) (denying a stay pending the company's appeal of the denial

of its motion to quash an OSHA inspection warrant).  The Court finds that this potential harm

weighs against a stay.

Because a balancing of the factors weighs heavily against a stay of the execution of the

warrant, the Court denies Curaleaf's motion to stay.

**B.**    **Request to Convert the March 14, 2025 Memorandum and Order into a Report and Recommendation**

The second portion of Curaleaf's Motion contends that the undersigned Magistrate Judge

lacked authority to issue a "final order" on its motion to quash the inspection warrant.  Curaleaf

Mot. at 3.  Curaleaf posits that the Court's March 14, 2025 Opinion "purports to end Curaleaf's

Fourth Amendment challenge entirely, conclude this case, force Curaleaf to endure an imminent

inspection, and send Curaleaf to a different court (*i.e.*[,] an administrative tribunal) to adjudicate

any post-inspection issues.  Stated another way, the Order appears to be dispositive."  *Id.* at 5.

Curaleaf then suggests that a magistrate judge's authority to assess probable cause is "referred"

under the Federal Magistrates Act, 28 U.S.C. § 636; as such, this Court should have issued its

ruling as a "Report and Recommendation" pursuant to Federal Rule of Civil Procedure 72.  *Id.* at

4-7.  Curaleaf asks this Court to clarify that its March 14, 2025 is a Report and Recommendation

to which Curaleaf is entitled to file objections with a district judge.  *Id.* at 7.  For the reasons that

follow, the Court rejects Curaleaf's position.

Resolution of this issue begins with 28 U.S.C. § 636(a), which provides:

> (a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law--
>
>> (1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;
>>
>> (2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;
>>
>> (3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
>>
>> (4) the power to enter a sentence for a petty offense; and
>>
>> (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.

28 U.S.C. § 636(a).  Beyond the powers enumerated in § 636(a), section 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).  Finally, section 636(b)(3) states that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).

Federal Rule of Civil Procedure 72 aligns with 28 U.S.C. § 636(b) and provides that, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate

judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  Notably, this section only addresses "court-ordered referrals of nondispositive matters under 28 U.S.C. § 636(b)(1)(A)."  Fed. R. Civ. P. 72, 1983 advisory committee note.  Thus, matters within a magistrate judge's inherent powers under 28 U.S.C. § 636(a) are not subject to district court review prior to appeal.

The question here is whether the Court's issuance of the motion to quash and subsequent ruling on Curaleaf's motion to quash was completed under a magistrate judge's inherent powers of § 636(a); under her referred powers of § 636(b), that includes a right of appeal to an Article III judge, *see* Fed. R. Civ. P. 72(a); or as a report and recommendation on a dispositive motion, *see* Fed. R. Civ. P. 72(b).  The court in *In re Anthony Marano Company*, 647 F. Supp. 3d 643 (N.D. Ill. 2022) addressed this issue, finding that 28 U.S.C. § 636(a)(1) expressly grants a magistrate judge authority to issue inspection warrants to the Secretary seeking to enforce the OSH Act.  *Id.* at 648 (citing cases).  Given that authority, the court held that administrative concerns "weigh against any attempt to bend and stretch Rule 72 and Section 636(b) into a regime that would create a procedure for extra-statutory, pre-execution objections to administrative inspection warrants issued under the authority of Section 636(a)(1)."  *Id.* at 652.  It noted that "the delay and burden caused by pre-enforcement challenges to the validity of administrative inspection warrants would impede the Secretary's ability to enforce the OSH Act."  *Id.* (citation omitted).  "In other words, pounding the round peg of inspection warrants issued under Section 636(a)(1) into the square hole of the objection procedures of Section 636(b)(1) and Rule 72 may well subject administrative inspection warrants to death by a thousand cuts."  *Id.* at 653.  Ultimately, the court held that the

parties did not have a right to object under Rule 72 to the magistrate judge's decision as to the validity of the inspection warrant.[8]  *Id.*

Courts have repeatedly found that a United States Magistrate Judge's authority to issue administrative inspection warrants derives from § 636(a).  *See, e.g.*, *In re Establishment Inspection of Gilbert & Bennett Mfg. Co.*, 589 F.2d 1335, 1341 (7th Cir. 1979) ("Because [an inspection] warrant is required under *Barlow's* and is not prohibited by section 636(b)(1), the magistrate [judge] was clearly acting in a manner consistent with federal law" in issuing an inspection warrant); *see also In re Worksite Inspection of Quality Prods., Inc.*, 592 F.2d 611, 613 n.2 (1st Cir. 1979) (holding that magistrate judges have authority to issue warrants, which includes the power to issue OSHA inspection warrants); *In re the Inspection of Cleveland Elec. Illuminating Co.*, 548 F. Supp. 224, 226 (N.D. Ohio 1981) (holding that magistrate judge had authority to issue OSHA administrative inspection warrant); *In re Establishment Inspection of Seaward Int'l, Inc.*, 510 F.

---

[8]    Curaleaf relies heavily on statements made by the emergency district court judge in *Anthony Marano* following the magistrate judge's denial of the motion to quash.  *See* Curaleaf Clarification Reply at 3.  Specifically, after the magistrate judge denied the motion to quash, Anthony Marano filed an emergency motion to stay and quash, which was assigned to an emergency district judge.  No. 21-m-499 (N.D. Ill.), ECF No. 26 (Motion), ECF No. 29 (Motion Hr'g.).  During the motion hearing, held the day after the motion was filed, the emergency district judge commented that "magistrate judges cannot do final adjudications of cases unless they have the district court Article III judge referring it to him by agreement of the parties, or by asking the Article I judge to write a report and recommendation."  No. 21-m-499 (N.D. Ill.), ECF No. 34 (Hr'g. Tr.) at 12:10-14.  Based on her review of the issue the night before, and out of an abundance of caution for jurisdictional concerns, the emergency judge held that the magistrate judge's denial of the motion to quash was a final adjudication that would be converted into a report and recommendation.  *Id.* at 12:14-25.

The emergency district judge's statements, however, do not carry the force of law Curaleaf now wants to ascribe to them.  As a primary matter, the district judge was clear that she had not had time to fully review the law on this issue.  *See id.*  Subsequent to that ruling and the Seventh Circuit's dismissal of the appeal, the magistrate judge filed another opinion noting that "Anthony Marano's submissions to the emergency district judge in August 2021 and then to the Seventh Circuit contributed to some level of confusion about the nature and source of the magistrate judge's jurisdiction in this matter."  *In re Anthony Marano*, 647 F. Supp. 3d at 647.  The magistrate judge clarified that the basis for his jurisdiction to rule on the inspection warrant arose from 28 U.S.C. § 636(a)(1), and therefore, was not subject to Federal Rule of Civil Procedure 72.  *Id.* at 647-49.

Supp. 314, 316 (W.D. Va. 1980) (finding that magistrate judge had authority to consider an process

OSHA warrant application).[9]  "This holding precisely accords with the purpose of the Magistrates

Act and the presumption that warrant requirements must be read to facilitate rather than frustrate

enforcement of remedial public interest statutes."  *Gilbert & Bennett Mfg. Co.*, 589 F.2d at 1341

(citations omitted).

This same proposition holds true for a magistrate judge's denial of a motion to quash an

inspection warrant he or she issued.  In *Wedgewood Village Pharmacy, Inc. v. United States*, 421

F.3d 263 (3d Cir. 2005), a magistrate judge issued an inspection warrant sought by the Food and

Drug Administration ("FDA").  *Id.* at 266.  The company initially refused to cooperate with the

inspection.  When faced with potential contempt proceedings, the company complied with the

warrant and then moved to quash it, arguing that pharmacies were exempt from FDA inspection.

*Id.*  The magistrate judge denied the motion, holding that the company was not exempt from

inspection.  *Id.*  Relying on *In re Consolidated Rail Corporation*, 631 F.2d 1122 (3d Cir. 1980)

and *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128 (3d Cir. 1979), the district court judge

treated the employer's motion to quash as "non-dispositive" and thus appropriate for magistrate

judge resolution.  *Id.*  On appeal, the Third Circuit found that in order for it to "have jurisdiction

over the District Court's refusal to quash a subpoena, the subpoenaed party must refuse to comply

with the subpoena and suffer the sanction of a contempt citation."  *Id.* at 267.  At that point, the

subpoenaed party could challenge the warrant's validity in defending against the imposition of

sanctions, and the ruling on that defense would be a final order subject to appellate review.[10]  *Id.*

---

[9]    Curaleaf concedes that a magistrate judge has authority to issue an administrative inspection warrant.  *See* Curaleaf Clarification Reply at 2.

[10]    The *Wedgewood* Court recognized an exception where a party has no opportunity to challenge the validity of the warrant in a subsequent contempt proceeding.  *Id.* at 268.  Under those circumstances, the Third Circuit found that it could exercise jurisdiction over an appeal directly from the denial of the initial motion to quash without requiring the party to face a contempt citation.

It noted that "penalties for civil contempt are limited to measures that may be appropriate to compel compliance with the underlying order and to compensate the opposing party for losses sustained as a result of the noncompliance . . . Those penalties are therefore proportional to the noncomplying party's resistance to the warrant." *Id.* at 268;[11] *see also In re Inspection of Workplace Located at 526 Catalan St.,* 741 F.2d 172, 175 (8th Cir. 1984) (reviewing and affirming magistrate judge's denial of motion to quash an OSHA administrative inspection warrant).

In an effort to substantiate its argument, Curaleaf cites a series of cases for the proposition that a motion to quash an inspection warrant is a dispositive motion subject to the report and recommendation requirement. *See* Curaleaf Mot. at 5-7. Curaleaf, however, fails to acknowledge one key distinction in its cited cases—they relate to administrative *subpoenas* as opposed to administrative *warrants*. *See EEOC v. City of Long Branch*, 866 F.3d 93, 101 (3d Cir. 2017); *NLRB v. Frazier*, 966 F.2d 812, 815-16 (3d Cir. 1992); *Strong v. United States*, 57 F. Supp. 2d 908 (N.D. Cal. 1999). The United States Supreme Court has remarked that enforcement of an administrative subpoena "may be deemed self-contained, so far as the judiciary is concerned—as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before [an administrative agency], there remains nothing for it to do." *Cobbledick v. United States*, 309 U.S. 323, 330 (1940).

---

*Id.* A party subject to an OSHA inspection warrant, however, has the ability to seek suppression of evidence obtained during an OSHA inspection before the Review Commission and subsequently in the federal courts. *Kohler*, 935 F.2d at 813 (citing cases).

[11]  Notably, in *Wedgewood*, the Third Circuit recognized that the company would have no opportunity to challenge the validity of the FDA warrant in a subsequent contempt proceeding without facing criminal prosecution. *Id.* at 268. As such, the Third Circuit deemed the denial of the motion to quash as a final order subject to appellate review. *Id.* Here, Curaleaf does not face criminal prosecution for failure to comply with OSHA's inspection warrant.

"The enforcement process for administrative subpoenas differs from the enforcement process for administrative warrants." *In re Anthony Marano Co.*, 51 F.4th 722 (7th Cir. 2022). "[T]he cases involving immediate appeals of administrative subpoenas do not represent an exception to the finality rule of § 1291. Rather, those cases are appealable because the orders concerning the administrative subpoenas are '[t]he last order in a proceeding,' thus making the district court's orders 'final decision[s] appealable under 28 U.S.C. § 1291.'" *Id.* (quoting *In re Establishment Inspection of Skil Corp.*, 846 F.2d 1127, 1129 (7th Cir. 1988)). With administrative warrants, however, "there remain significant ongoing proceedings in the district court that afford the contesting party a full opportunity to set forth its objections to the warrant in an adversarial context."[12] *Id.*

In light of the foregoing, the Memorandum Opinion denying the motion to quash the administrative warrant need not be recrafted as a report and recommendation, because it is not the last order in these proceedings. Curaleaf retains the options of either (a) defying the Court's Order and then challenging the warrant in subsequent contempt sanctions, or (b) complying with the Court's order and then administratively challenging the warrant's validity through administrative proceedings. As such, the Court's March 14, 2025 Memorandum Opinion was not dispositive. Accordingly, the Court denies Curaleaf's motion to "clarify" that the March 14, 2025 Order is a

---

[12] Curaleaf cites several other cases that involve administrative warrants, but none of these cases stand for the proposition that a magistrate judge lacks authority to rule on a motion to quash an administrative warrant. *See In re Kohler Co.*, 935 F.2d at 811 (magistrate judge issued warrant, and district court denied motion to quash; no statement that magistrate judge lacked authority to rule on motion to quash); *see also In re Kelly-Springfield Tire Co.*, 13 F.3d at 1162-63 (same); *Donovan v. Hackney, Inc.*, 769 F.2d 650 (10th Cir. 1985) (warrant issued by magistrate judge and district judge denied motion to quash; no statement that magistrate judge lacked authority to rule on motion to quash); *Metal Bank of Am.*, 700 F.2d at 911-12 (magistrate judge issued warrant, and district court granted motion for contempt and denied motion to quash; no statement that the magistrate judge lacked authority to rule on motion to quash); *Donovan v. Enter. Foundry, Inc.*, 751 F.2d 30, 33 (1st Cir. 1984) (magistrate judge issued warrant, and district judge quashed warrant; no statement that magistrate judge lacked authority to do so).

report and recommendation to which Curaleaf may file objections to the district court judge. The Court declines to address whether this Order constitutes a final appealable order for purposes of its Curaleaf's pending appeal. That matter is more appropriately resolved by the appellate court itself.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny Curaleaf's motion to stay the March 14, 2025 Order pending its appeal and declines to convert the March 14, 2025 Memorandum Opinion and Order to a report and recommendation. An appropriate Order follows.

<u>s/Elizabeth A. Pascal</u>
ELIZABETH A. PASCAL
United States Magistrate Judge